## IN THE COURT OF APPEALS OF IOWA

No. 15-0788
Filed July 9, 2015

IN THE INTEREST OF A.B.,
    Minor Child,

A.A., Mother,
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachael Seymour, District Associate Judge.

The mother appeals from an order terminating her parental rights. **AFFIRMED.**

Bonnie J. Heggen, Ankeny, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd and Kathryn Lang, Assistant Attorneys General, John P. Sarcone, County Attorney, and Christina Gonzalez, Assistant County Attorney, for appellee

Jeremy Feitelson of Feitelson Law, L.L.C., West Des Moines, for father.

Penny B. Reimer of Cooper, Goedicke, Reimer & Reese, West Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and McDonald, JJ.

**McDONALD, J.**

Amber appeals from an order terminating the parent-child relationship between herself and her child, A.B. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(a), (d), (e), and (f) (2013). On appeal, Amber contends the State did not prove by clear and convincing evidence the grounds for termination with respect to section 232.116(1)(d).[1] She also contends termination of her parental rights is contrary to the child's best interests. Finally, relying on section 232.116(3)(a), Amber contends the juvenile court did not need to terminate her parental rights because the department of human services was attempting to reunite the child with the father.

This family came to the attention of the Iowa Department of Human Services ("IDHS") in October 2013, when Amber went out drinking with a friend and left then three-year-old A.B. home alone with three other children, ages three years, one year, and nine months. Amber was arrested at that time and charged with child endangerment. A.B. was removed from the home and ultimately adjudicated in need of assistance. Despite the provision of numerous services to Amber, she did little to address the issues giving rise to removal. Amber continued to use marijuana during this proceeding. She continued to associate with persons who might cause harm to her child. She missed many of the visitations with A.B. She was unsuccessfully discharged from therapy services.

---

[1] The mother also contends the State failed to prove by clear and convincing evidence the grounds authorizing termination pursuant to section 232.116(1)(h). The State did not seek termination of the mother's parental rights on that ground, and the juvenile court did not rely upon that ground in its termination order.

She ceased contact with IDHS. In December 2014, Amber was arrested and charged with theft in the second degree, a felony offense. In January 2015, Amber was arrested and charged with theft in the first degree, a felony offense. At the time of the termination hearing, Amber was in jail awaiting disposition on a probation violation and awaiting resolution of the charged felony offenses.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). While giving weight to the findings of the juvenile court, our statutory obligation to review termination proceedings de novo means our review is not a rubber stamp of what has come before. We will thus uphold an order terminating parental rights only if there is clear and convincing evidence of grounds for termination. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See id.*

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *See id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *See id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination. *See id.*

We conclude there is clear and convincing evidence establishing a statutory ground for termination of Amber's parental rights. The juvenile court terminated the mother's parental rights pursuant to code section 232.116(1)(a), (d), (e), and (f). When the juvenile court terminates a parent's rights on more than one statutory ground, we may affirm on any ground supported by the record. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We focus on paragraph (a), which is unchallenged on appeal. Paragraph (a) provides the court "may order the termination of both the parental rights with respect to a child and the relationship between the parent and the child" where the "parents voluntarily and intelligently consent to the termination of parental rights and the parent-child relationship and for good cause desire the termination." Iowa Code § 232.116(1)(a). In this case, Amber signed a written consent to the termination of her parental rights, acknowledging her consent was voluntarily and intelligently given with the advice of counsel. At the terminating hearing, Amber confirmed she voluntarily, intelligently, and for good cause consented to the termination of her parental rights. She conceded during the termination hearing that she could not provide parental care at that time because she was in custody. This ground for termination is proved. *See*, *e.g.*, *In re C.J.*, 674 N.W.2d 685, No. 03–1595, 2003 WL 22701266, at *1 (Iowa Ct. App. Nov. 17, 2003) (finding a voluntary and intelligent decision by a father to give up parental rights, despite the father's argument that the stress of being in prison made his consent involuntary and unintelligent, where the father signed a consent to terminate his rights, reaffirmed his consent at the termination hearing, and was advised by his attorney regarding

this consent); *In re J.M.*, No. 00–0901, 2001 WL 803867, at *2 (Iowa Ct. App. July 18, 2001) (finding a voluntary and intelligent release of parental rights where mother was questioned extensively concerning her understanding of the rights she was giving up, was represented by an attorney throughout the termination proceedings, and testified that the termination was in the child's best interests).

Amber also contends it is not in the child's best interests that her parental rights be terminated. Amber does not identify any evidence in support of her contention. She also does not identify any reason why it would be in the child's best interests to maintain the parent-child relationship. As a general rule, when the statutory grounds for termination of parental rights have been proved, the termination of parental rights is in the best interests of the child. *See In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa 1992). Amber conceded during the termination hearing that termination of her parental rights is in A.B.'s best interests. On de novo review, after consideration of all relevant factors, we agree. *See* Iowa Code § 232.116(2) (identifying relevant considerations); *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (stating the court most look to immediate- and long-term interests).

Finally, we address Amber's argument that the juvenile court could have exercised its discretion and declined to terminate her parental rights. Section 232.116(3)(a) provides the court need not terminate the parent-child relationship if a "relative has legal custody of the child." In this case, IDHS had legal custody of the child. Accordingly, the statutory exception is not applicable. *See A.M.*, 843 N.W.2d at 113. Even if the statutory exception were applicable, the

provision is permissive and not mandatory.  *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997) ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child.  The child's best interests always remain the first consideration."); *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011) (stating this provision is permissive and not mandatory).  There is nothing in this record supporting the conclusion that the district court should have declined to terminate Amber's parental rights.

**AFFIRMED.**